IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRUSTEES OF OHIO**
**BRICKLAYERS HEALTH AND**
**WELFARE FUND,** *et al.***,**

    **Plaintiffs,**

  **vs.**                                    **Civil Action 2:15-cv-3053**
                                          **Judge Watson**
                                          **Magistrate Judge King**

**CMI, INC.,**

    **Defendant.**

### REPORT AND RECOMMENDATION

This is an action for delinquency assessments in connection with defendant's alleged failure to make timely fringe benefit contributions to employee benefits funds ("the Funds"). Plaintiffs, two Funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185. Defendant CMI, Inc. ("defendant") was served with a summons and a copy of the *Complaint* on December 7, 2015, *see* ECF No. 4, but has failed to plead or otherwise defend this action. Plaintiff applied to the Clerk for entry of default, *Application to Clerk for Entry of Default against Defendant*, ECF No. 5, and the Clerk entered defendant's default pursuant to Fed. R. Civ. P. 55(a) on January 11, 2016. *Clerk's Entry of Default*, ECF No. 6. This matter is now before the Court on *Plaintiffs' Motion for Default Judgment*, ECF No. 7, seeking default judgment against the defendant.

Plaintiffs have established that defendant is a signatory to collective bargaining agreements that require defendant to make timely

fringe benefit contributions to the Funds. *Declaration of Robert Voegeli*, § 3, attached to *Motion for Default Judgment*. Defendant failed to pay contributions to the funds in a timely manner for the period June through September 2014. *Id*. at ¶ 5. Defendant is therefore required to pay delinquency assessments to the Funds in the amount of 10% of the total amount due, plus interest at the rate of 1% per month until contributions are received. *Id*. at ¶ 6. *See* 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991). The delinquency assessments and interest owed to the Funds for the relevant period totals $10,619.28. *Declaration of Robert Voegeli*, ¶ 7.

The governing documents also require that defendant pay reasonable attorneys' fees and costs incurred in connection with the collection of delinquent contributions. *Id.* at ¶ 8. Those amounts total $1,787.50 in attorneys' fees and $445.93 in court costs and expenses. *Declaration of Richard L. Stoper, Jr*., ¶ 3, attached to *Motion for Default Judgment*. Those amounts are reasonable and do not exceed the relevant market rates. *Id*. at ¶ 4.

Plaintiffs are therefore entitled to judgment in the amount of $10,619.28, and an award of attorneys' fees and costs in the amount of $2,233.43.

Accordingly, it is **RECOMMENDED** that *Plaintiffs' Motion for Default Judgment*, ECF 7, be **GRANTED**. It is **FURTHER RECOMMENDED** that the Clerk enter judgment against defendant CMI, Inc., and that plaintiffs have and recover from CMI, Inc., the sum of Ten Thousand

Six Hundred Nineteen Dollars and Twenty-Eight Cents ($10,619.28) and a reasonable attorneys' fee and costs in the amount of Two Thousand Two Hundred thirty-Three Dollars and Forty-Three Cents ($2,233.43).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 15, 2016                                    *s/Norah McCann King*
                                                       Norah M$^c$Cann King
                                        United States Magistrate Judge